# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

FRED JASON WRIGHT,

            Plaintiff,

      v.

PLEASANT VALLEY STATE PRISON
MEDICAL STAFF, et. al.,

            Defendants.

_____/

1:07-cv-01381-OWW-SMS (PC)

ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

(Doc. 2)

I.    **SCREENING ORDER**

      Fred Jason Wright ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis.  Plaintiff filed this action on September 6, 2007 in the United States District Court in the Northern District of California.[1]  (Doc. 2.)  The case was transferred to this Court on September 20, 2007.  (Doc. 1.)

      A.    **Screening Requirement**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

_____

      [1] The Court has reviewed Plaintiff's pleading and agrees with the Northern District's decision to construe Plaintiff's filing as a complaint.

1  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

2  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

3  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

4  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

5  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

6  1915(e)(2)(B)(ii).

7      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

8  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

9  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

10  short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

11  Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

12  claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the

13  liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,

14  490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

15  supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union

16  Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268

17  (9th Cir. 1982)).

18      **B.    Summary of Plaintiff's Complaint**

19      Plaintiff is a state prisoner at Pleasant Valley State Prison ("PVSP") in Coalinga,

20  California.  Plaintiff names "PVSP Medical Staff ," "Chief Medical Staff," and "Medical

21  Doctors" as defendants in this action and alleges that on July 7, 2007, the PVSP Medical Staff

22  completely removed him from pain medications that he had been taking daily for numerous

23  years.  Plaintiff further alleges that he has been granted inmate appeals allowing him to receive

24  his medication which the PVSP Medical Staff refuse to honor.

25      Plaintiff seeks injunctive relief to either order PVSP medical staff to immediately renew

26  his pain medications, or to transfer Plaintiff to a prison that will provide proper medical care.

27      It should be noted that Plaintiff's complaint is a chronological rendition of facts that do

28  not delineate which facts he feels show violation(s) of any specific constitutional right(s).  The

2

1    Court provides Plaintiff with the following law that appears to apply to his factual scenario.

2    However, if Plaintiff intended to pursue other constitutional violations, he must delineate them

3    and correlate his claims for relief with their alleged factual basis.  Plaintiff may be able to amend

4    to correct deficiencies in his pleading so as to state cognizable claims.  Thus, he is being given

5    what appear to be the applicable standards based on his factual scenario and leave to file a first

6    amended complaint.

7         **C.**    **Pleading Requirements**

8            **1.**  *Linkage Requirement*

9        The Civil Rights Act under which this action was filed provides:

10             Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the

11             deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at

12             law, suit in equity, or other proper proceeding for redress.

13    42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

14    the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  <u>See</u>

15    <u>Monell v.  Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

16    (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

17    constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

18    in another's affirmative acts or omits to perform an act which he is legally required to do that

19    causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th

20    Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named

21    defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's

22    federal rights.

23        Plaintiff fails to state any surnames of individuals whom he feels are responsible for the

24    alleged violation of his constitutional rights.  Plaintiff must specifically identify which

25    defendant(s) he feels are responsible for any given violation(s) of his constitutional rights.

26    Generic identifiers such as "PVSP Medical Staff," "Chief Medical Staff," and "Medical Doctors"

27    (without surname specificity) are insufficient to link a specific defendant to offending actions.

28    Further, Plaintiff should clarify which defendant(s) he feels are responsible for any violation(s) of

1   his constitutional rights, as his complaint must put each defendant on notice of Plaintiff's claims

2   against him or her.  See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).

3       **D.    Claims for Relief**

4               **1. *Deliberate Indifference to Serious Medical Needs***

5       Plaintiff appears to allege that prison medical staff were deliberately indifferent to his

6   serious medical needs.

7       Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the

8   prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

9   indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Such a

10  claim has two elements:  "the seriousness of the prisoner's medical need and the nature of the

11  defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991).  A

12  medical need is serious "if the failure to treat the prisoner's condition could result in further

13  significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at

14  1059 (*quoting* Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the

15  presence of a medical condition that significantly affects an individual's daily activities." Id. at

16  1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

17  objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

18  825, 834 (1994).

19      If a prisoner establishes the existence of a serious medical need, he must then show that

20  prison officials responded to the serious medical need with deliberate indifference.  Farmer, 511

21  U.S. at 834.  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d

22  1051, 1060 (9th Cir.2004).  "Under this standard, the prison official must not only 'be aware of

23  the facts from which the inference could be drawn that a substantial risk of serious harm exists,'

24  but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).

25  "'If a prison official should have been aware of the risk, but was not, then the official has not

26  violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County

27  of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  Prison officials are also deliberately

28  indifferent to a prisoner's serious medical needs when they "interfere with treatment once

4

1   prescribed." Estelle, 429 U.S. at 104-05.  The Ninth Circuit has found deliberate indifference

2   where prison officials "deliberately ignore the express orders of a prisoner's prior physician for

3   reasons unrelated to the medical needs of the prisoner." Hamilton v. Endell, 981 F.2d 1062,

4   1066 (9th Cir. 1992) (reversing summary judgment where prison officials forced prisoner to

5   endure a plane flight that resulted in ear injury, in direct contravention of a treating physician's

6   previous orders); Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curium)

7   (reversing summary judgment where medical staff knew that pretrial detainee had head injury,

8   but prescribed contraindicated medications, disregarding evidence of complications to which

9   they had been specifically alerted by private treating physician); Tolbert v. Eyman, 434 F.2d 625

10  (9th Cir. 1970) (finding cognizable claim for deliberate indifference where warden refused to

11  authorize prisoner's receipt of medicine that had been previously prescribed by a physician).

12  Other Federal Circuit Courts have also found deliberate indifference where prison officials ignore

13  a previous physician's treatment plan.  White v. Napoleon, 897 F.2d 103 (3rd Cir. 1990) (finding

14  a cognizable claim for deliberate indifference where prison officials ignored private hospital's

15  treatment orders and refused inmate's access to prescribed medication); Gill v. Mooney, 824 F.2d

16  192 (2nd Cir. 1987) (finding a cognizable claim where prison officials refused to permit plaintiff

17  to participate in exercise program prescribed by doctor); Eades v. Thompson, 823 F.2d 1055 (7th

18  Cir. 1987) (finding cognizable claim where prisoner alleged that prison officials made him travel

19  and carry a heavy box, causing a surgical incision to gape open, in violation of prior medical

20  orders); Martinez v. Mancusi, 443 F.2d 921 (2nd Cir. 1970), cert. denied 401 U.S. 983, cited

21  with approval by Estelle, 429 U.S. at 105 n.10 (finding deliberate indifference where prison staff

22  forced post-surgical prisoner-patient to walk, ignoring warnings from hospital personnel that

23  inmate should not be moved); see also Carl T. Drechsler, Annotation, Relief Under Federal Civil

24  Rights Acts to State Prisoners Complaining of Denial of Medical Care, 28 A.L.R. Fed. 279

25  (1976) (recognizing that, on the whole, courts do not condone the practice of prison officials

26  ignoring orders rendered by a prisoner's previous physician).

27          Plaintiff's claim is not cognizable as he fails to allege facts sufficient for the Court to

28  determine whether his "chronic back pain" qualifies as a serious medical need and he does not

1    state whether he had a prescription from previous physicians that were ignored, or if he is

2    accusing the medical staff at PVSP of not prescribing needed medication in deliberate

3    indifference to his serious medical needs.

4              **2.  *Supervisory Liability***

5              It appears that Plaintiff may be alleging that "Chief Medical Staff" are responsible for

6    their subordinates' actions based on supervisory job duties.  To that end, Plaintiff is advised that

7    supervisory personnel are generally not liable under section 1983 for the actions of their

8    employees under a theory of respondeat superior and, therefore, when a named defendant holds a

9    supervisory position, the causal link between him and the claimed constitutional violation must

10   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

11   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim

12   for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some

13   facts that would support a claim that supervisory defendants either: personally participated in the

14   alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

15   them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

16   of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v.

17   Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d

18   1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be

19   alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit,

20   507 U.S. 163, 168 (1993).

21            Plaintiff has not alleged any facts indicating that any of the defendants personally

22   participated in the alleged deprivation of constitutional rights; knew of the violations and failed

23   to act to prevent them; or promulgated or "implemented a policy so deficient that the policy

24   'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional

25   violation.'"  Hansen v. Black at 646.  Thus, Plaintiff fails to state a cognizable claim against any

26   possible supervisory defendants.

27            **3.  *Injunctive Relief***

28            Plaintiff requests injunctive and declaratory relief to either order PVSP medical staff to

1  immediately renew his pain medications, or to transfer Plaintiff to a prison that will provide

2  proper medical care.

3      18 U.S.C. § 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action

4  with respect to prison conditions shall extend no further than necessary to correct the violation of

5  the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any

6  prospective relief unless the court finds that such relief is narrowly drawn, extends no further

7  than necessary to correct the violation of the Federal right, and is the least intrusive means

8  necessary to correct the violation of the Federal right."  Plaintiff fails to state a cognizable claim

9  for violation of any of his Federal rights.  Thus, there is no need for the Court to address

10  Plaintiff's request for prospective injunctive relief at this time.

11  **II.    CONCLUSION**

12      For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an

13  amended complaint within thirty days.  If Plaintiff needs an extension of time to comply with this

14  order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the

15  date of service of this order.

16      Plaintiff must demonstrate in his complaint how the conditions complained of have

17  resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227

18  (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

19  involved.  There can be no liability under section 1983 unless there is some affirmative link or

20  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

21  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

22  F.2d 740, 743 (9th Cir. 1978).

23      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

24  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

25  rights.  Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the

26  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

27  ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

28      Plaintiff is further advised that an amended complaint supercedes the original complaint,

1 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

2 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

3 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an

4 original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d

5 at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord

6 Forsyth, 114 F.3d at 1474.

7       The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified

8 by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff

9 may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

10 George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

11      Based on the foregoing, it is HEREBY ORDERED that:

12      1.    Plaintiff's complaint is dismissed, with leave to amend;

13      2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

14      3.    Within **thirty (30) days** from the date of service of this order, Plaintiff must file

15            an amended complaint curing the deficiencies identified by the Court in this order;

16            and

17      4.    If Plaintiff fails to comply with this order, this action will be dismissed for failure

18            to state a claim.

19

20

21 IT IS SO ORDERED.

22 **Dated:    March 4, 2009**                      **/s/ Sandra M. Snyder**
                                            UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

8